VILLAGE OF FREDONIA v. FREDONIA NATURAL GAS LIGHT CO. et al.

(Supreme Court, Equity Term, Chautauqua County. November, 1914.)

1. Gas (§ 6*)—Corporations—Franchise to Do Business—Forfeiture.
   A corporation's franchise to do business is derived from the state, and hence its extinction for nonuser can only be determined in litigation between the people of the state and the corporation, and not at the suit of a village, in which the corporation does business and has a franchise to lay gas pipes in the village streets.
   [Ed. Note.—For other cases, see Gas, Cent. Dig. § 1; Dec. Dig. § 6.*]

2. Gas (§ 6*)—Corporations—Franchise—"Forfeiture."
   Since a "forfeiture" is a punishment for fault, to forfeit a franchise there must be, not only a wrong, but one arising from willful abuse or improper neglect, indicating an indifference to the demands of public duty. That a corporation, owning a franchise to use the streets of a village in which to lay gas pipes, had ceased to use the pipes because it could not afford to supply the citizens of the village on account of competition, and had therefore temporarily suspended business, was not ground for a forfeiture.
   [Ed. Note.—For other cases, see Gas, Cent. Dig. § 1; Dec. Dig. § 6.*
   For other definitions, see Words and Phrases, First and Second Series, Forfeit.]

Suit by the Village of Fredonia against the Fredonia Natural Gas Light Company and others to forfeit defendants' franchise for nonuser and to restrain defendants from exercising any rights or privileges thereunder. Judgment for defendants.

Louis L. Thrasher, of Jamestown, for plaintiff.

William S. Stearns, of Fredonia, and George Clinton, Jr., of Buffalo, for defendants.

POUND, J. The facts are fully stated in the opinion of Wheeler, J. (84 Misc. Rep. 150, 145 N. Y. Supp. 820), on vacating the temporary injunction restraining the defendant the Fredonia Natural Gas Light Company from exercising its special franchise to lay gas pipes in the streets of the village of Fredonia. The order of Wheeler, J., was reversed (162 App. Div. 924, 146 N. Y. Supp. 1116), solely on the ground "that there is sufficient doubt as to the law and facts involved, respecting the right of the defendant to lay its pipes as proposed, to require the reinstatement of the preliminary injunction until the hearing and determination of the action." The material facts are not in dispute. The Appellate Division indicated nothing as to the law, except that the injunction should stand and the parties remain in statu quo until after the trial. I do not understand that the order of reversal implies more than that.

[1] Plaintiff has no standing in court to maintain an action to forfeit or to declare forfeited the *general rights* of the defendant company to transact business or to enforce merely private rights. The franchise to do business sprang from the state, and the extinction of that franchise from nonuser should be determined only in a litigation between the people of the state of New York and the defendant. It

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

does not appear that any serious or permanent interference with the public use of the village streets is threatened. Private persons, if threatened with injury, have their own remedy. New York v. Bryan, 196 N. Y. 158, 89 N. E. 467.

[2] The sole question is whether the plaintiff has established forfeiture by nonuser of the special franchise which it granted to defendant's predecessor to lay pipes in the streets. The pipes are still there, and, should the village or its citizens furnish a profitable market for defendant's gas, it could supply them. The only reason why it has no customers is that in the spring of 1911 it could not afford to supply them on account of competition and therefore temporarily suspended business. Its conduct has not been willful and without justification, nor has the public suffered therefrom. It is not every nonuser that will furnish grounds for a forfeiture. To work a forfeiture there should be something wrong, and not only a wrong, but one arising from willful abuse or improper neglect—such neglect as indicates an indifference to the demands of public duty. People v. B. & R. Turnpike Co., 23 Wend. 236; People v. Atlantic Ave. R. R. Co., 125 N. Y. 513, 26 N. E. 622.

Forfeiture is a punishment for fault, not for misfortune. But I fail to see wherein the defendant has failed to exercise its special franchise. Its pipes were laid subject to no conditions as to the delivery of gas, either to the village or to private customers. The franchise contains no condition, express or implied, that the company shall continue to supply gas at a loss. Nor does it appear that any demand has been made upon defendant to furnish gas, since it ceased to manufacture same. The village of Fredonia is not injured by the unused pipes in its streets, nor will it be injured if other streets are opened and pipes laid thereunder to supply customers. The license or permission to lay such pipes remains intact. The village has not even attempted to revoke it, except by bringing this action, which seems to be in the interest of the rival company, rather than the village as such. A competitor should not be thus eliminated unless the law plainly so declares.

As I hold that the exercise of no right or privilege of the Fredonia Natural Gas Light Company, under the special franchise owned by it, has been improperly suspended, it seems unnecessary to consider the other questions in the case.

Judgment for defendants, with costs.